RECEIVED

AUG 3 0 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MARILYN MARIE MONTEILH, ET AL     CIVIL ACTION NO. 6:65-cv-10912

VERSUS     JUDGE DOHERTY

ST. LANDRY PARISH SCHOOL BOARD,
ET AL

## RULING

Pending before the Court is Defendants' "Motion for Final Judgment and Dismissal" [Doc. 294] ("the Motion"), in which Defendants request a final judgment and dismissal. For the reasons given below, this Court will GRANT IN PART Defendant's motion as to relinquishment of this Court's ancillary jurisdiction to enforce the Settlement Agreement, and DENY IN PART, certain other aspects being found as MOOT, having already been addressed by Judge Tucker Melançon.

Judge Melançon, now in senior status, presided over this matter; in an "Order Approving the Parties' Settlement" [Doc. 284] which was filed March 25, 2011, Judge Melançon set out the procedural history of this case, and laid out the provisions of a proposed Settlement Agreement [Doc. 284-1], along with the applicable jurisprudence. Judge Melançon, thereafter, concluded that "[t]he parties have suggested, and the Court agrees, that the provisions of the Settlement Agreement, including its term of five school years, are appropriate concluding steps in remedying the constitutional violation that necessitated this litigation." [Doc. 284, p. 15]  On the basis of his determinations, *Judge Melançon approved the proposed Settlement Agreement, vacated all pending and prior orders*, and *dismissed the lawsuit, except for retaining ancillary jurisdiction to enforce the Settlement Agreement should enforcement be necessary* [Doc. 284, p. 16]. Therefore, this Court is left only with the limited ancillary enforcement jurisdiction retained by Judge Melançon, which encompasses only the enforcement of the previously approved Settlement Agreement.

1

Pursuant to its terms, the previously approved Settlement Agreement was to expire at the conclusion of the fifth school year after approval of the agreement (*i.e.*, the 2015-16 school year) or July 1, 2016, whichever was to be earlier, unless the Agreement were extended by the Court [Doc. 284-1, p. 15]. That time has passed without request for or *sua sponte* extension by the Court, and without any request for the Court to enforce the settlement or to reinstate this case to enforce the Settlement Agreement.

Defendants have now filed the Motion of August 5, 2016, requesting, among other relief, this Court relinquish the retained ancillary jurisdiction to enforce the previously approved settlement. Deadline for filing opposition to that motion has now passed and no opposition has been lodged with the Court in any fashion, formal or otherwise. Therefore, pursuant to this Court's limited ancillary jurisdiction to enforce the Settlement Agreement, and the contemplated period of court enforcement now having expired without objection or complaint, the Court will grant Defendants' motion and allow the determinations made by Judge Melançon and by the settlement agreed to by the parties to move forward.

IT IS HEREBY ORDERED the motion entitled "Motion for Final Judgment and Dismissal" [Doc. 294] is GRANTED IN PART, to the extent it requests this Court to relinquish any retained jurisdiction to enforce the settlement. All other matters requested are DENIED AS MOOT, having already been addressed by Judge Melançon. The jurisdiction retained by Judge Melançon for this Court is hereby relinquished.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 30th day of August, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

2